**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 23, 2007
Decided June 8, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 06-1789

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 05-CR-197 |
| TAMEIKA L. DINKINS, *Defendant-Appellant.* | Charles N. Clevert, Jr., *Judge.* |

**O R D E R**

In August 2005, Tameika Dinkins was indicted on six counts of theft by a bank employee in violation of 18 U.S.C. § 656 and 18 U.S.C. § 2, which states that an aider and abetter to an offense is equally guilty of the offense. In November 2005, her charges proceeded to trial, and a jury found her guilty on all six counts after receiving instructions on the elements of bank theft by an employee as well as aiding and abetting. The jury's verdict sheet, however, did not specify whether they had found her guilty under § 656 or § 2 for any of the counts. The district court subsequently sentenced her to six months' imprisonment for each of the six counts, to run concurrently.

Dinkins appeals, arguing that the district court erred when it instructed the jury on aiding and abetting because that instruction was not supported by evidence in the record.  Additionally, she argues that the district court erred in denying her motion for acquittal because there was insufficient evidence in the record to support her conviction as either an aider and abetter or as a principal offender under § 656.

There is little evidence in the record showing that any other bank employee violated § 656 or that they were assisted by Dinkins, and this calls into question whether there was adequate support for the jury instruction, *see United States v. Hendricks*, 319 F.3d 993, 1004 (7th Cir. 2003), and whether a rational juror could have found her guilty beyond a reasonable doubt as an aider and abetter, *see United States v. Hendrix*, 482 F.3d 962, 966 (7th Cir. 2007).  But because the record contains ample evidence allowing a rational fact-finder to convict Dinkins on all six counts as a principal under § 656, any error by the district court on these other grounds would be harmless.

Testimony at trial showed that almost immediately after Dinkins was hired, she performed as a teller for six fraudulent transactions within two weeks.  In each transaction, someone pretended to be a bank customer and provided that customer's account information to make a withdrawal.  Video evidence showed that the people pretending to be customers did not match the physical description of the customers they pretended to be.  Indeed, the same person pretended to be two different customers six days apart.  Dinkins had access to the relevant account information used to complete the fraudulent transactions via her access to the bank's computer system as a teller.  Another teller observed her frequently examining this customer information without connection to any transaction being performed.  Around the time of the six transactions, Dinkins's own account at the bank showed thousands of dollars deposited that did not correspond to her paychecks.  Shortly after the transactions were completed, Dinkins stopped showing up at work, and she was terminated because of her absence.  Afterwards, the bank became suspicious of the transactions when customers reported that they had not withdrawn the money.  Taken as a whole, this evidence would allow a rational fact finder to find Dinkins guilty beyond a reasonable doubt.  *See Hendrix*, 482 F.3d at 966.

AFFIRMED.